IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAWN GILREATH,
    Petitioner,

v.

UNITED STATES OF AMERICA
    Respondent.

Civil No. RDB-18-1361
Criminal No. RDB-04-0145

## MEMORANDUM OPINION

On May 28, 2004, Petitioner Shawn Gilreath ("Petitioner" or "Gilreath") pled guilty to possession of a firearm in furtherance of a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. § 924(c)(1)(D)(ii), § 2. On July 15, 2005, this Court sentenced him to one hundred and forty four months imprisonment, to run consecutive with a three hundred and sixty month sentence previously ordered by the United States District Court for the Northern District of Georgia. (ECF No. 24.) Almost thirteen years later, on May 10, 2018, Petitioner filed the currently pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 32.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 32) is DENIED.[1]

## BACKGROUND

On January 22, 1998, Petitioner Gilreath was indicted for murder in Clayton County,

---

[1] Also pending is Petitioner's Motion to Appoint Counsel (ECF No. 39), which is DENIED because neither an evidentiary hearing nor the interests of justice require appointing counsel. 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c) of the Rules Governing Section 2255 Proceedings

1

Georgia. *Georgia v. Gilreath*, No. 1998-cr-0113 (Clayton County Sup. Ct.). While in state custody, Petitioner was also indicted for unrelated armed bank robbery and kidnapping charges in the United States District Court for the Northern District of Georgia, and sentenced to three hundred and sixty months imprisonment. *United States v. Gilreath*, No. 96-cr-471-01-JTC (N.D. Ga. 1996).

According to the facts to which Gilreath stipulated, when pleading guilty in this Court on November 18, 2003, he escaped from Clayton County jail. (ECF No. 38-1.) On December 5, 2003, Gilreath along with another individual, Floyd Williams, robbed a bank in Baltimore County, Maryland by threatening that Williams had a firearm. (*Id.*) Afterwards when police officers tracked and pursued their car, both Gilreath and Williams left the car and began running on foot. (*Id.*) When the officers captured Gilreath, they found two loaded Glock pistols, two shoulder holsters, and two loaded magazines on his person. (*Id.*) A search of the vehicle also revealed a shotgun and two rifles. (*Id.*) When interviewed, Petitioner admitted to the bank robbery, possessing the firearms in furtherance of the bank robbery, and escaping from the Clayton County jail. (*Id.*)

On March 16, 2004, Petitioner Gilreath was indicted in this Court on three counts: (1) bank robbery by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d) (Count I); (2) possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count II); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count III). (ECF No. 38-2.) On May 28, 2004, he pled guilty to Count II, possession of a firearm in furtherance of a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. § 924(c)(1)(D)(ii), § 2. This Court subsequently sentenced

Petitioner to one hundred and forty four months imprisonment, to run consecutive with his previous three hundred and sixty month sentence.

Almost thirteen years later, Petitioner filed the currently pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 32.) He argues (1) that the Indictment failed to list the elements of aiding and abetting and (2) his § 924(c) conviction lacked a predicate offense. (*Id.*) With respect to his first argument, Petitioner states that "[t]his issue was not ripe at the time of sentencing. The U.S. Supreme Court just ruled in *Dimaya v. Sessions* that deemed the 924(c) void for vagueness." (*Id.* at 5.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255).

## ANALYSIS

Petitioner Gilreath's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 must fail because it is untimely under 28 U.S.C. § 2255(f). Under § 2255(f), a one-year period of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion

3

  by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Gilreath's conviction became final when he failed to file a direct appeal after entry of judgment, on or around July 12, 2005. Accordingly, his Motion is untimely under this prong.

As noted above, however, the Petitioner asserts with respect to his first claim that "[t]his issue was not ripe at the time of sentencing. The U.S. Supreme Court just ruled in *Dimaya v. Sessions* that deemed the 924(c) void for vagueness." (ECF No. 32 at 5.) The United States Supreme Court decided *Sessions v. Damaya*, __ U.S. __, 138 S. Ct. 1204 (2018) on April 17, 2018. Accordingly, Petitioner filed his Motion within one year of that decision. No appellate court has held, however, that *Dimaya* applies retroactively on collateral review, and at least one United States District Court has held that "*Dimaya* did not announce a new rule of constitutional law – the Court in issuing that decision specifically stated that *Dimaya* was no more than a 'straightforward application' of the rule announced in *Johnson* [*v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015)]." *Lindsay v. United States*, No. CV 16-3281 (SDW), 2018 WL 3370635, at *3 (D.N.J. July 10, 2018).

Even if *Dimaya* applied retroactively on collateral review, however, and Petitioner's claim was timely, Petitioner would not be entitled to relief. In *Dimaya,* the Supreme Court considered the meaning of "crime of violence" under the residual clause of the Immigration and Nationality Act, 18 U.S.C. § 16(b). Applying *Johnson v. United States*, __U.S.__, 135 S. Ct. 2551 (2015) to § 16(b), the Supreme Court held that the residual clause was

4

unconstitutionally vague. Construing Petitioner's pleadings liberally, he argues that under *Dimaya*, his predicate offense for his § 924(c) conviction was not a "crime of violence" under the residual clause of 18 U.S.C. § 924(c).

Under 18 U.S.C. § 924(c), however, a crime of violence is defined as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, *or*
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A-B). While *Johnson* and *Dimaya* may have an effect on the constitutionality of § 924(c)(3)(B), or the "residual clause,"[2] the Petitioner was convicted of bank robbery, which the United States Court of Appeals for the Fourth Circuit has held is a "crime of violence" under § 924(c)(3)(A), or the "force clause." *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (holding that bank robbery "by force and violence" or "by intimidation" both require "the use, attempted use, or threatened use of physical force," and therefore constitute crimes of violence under the force clause of § 924(c)(3)). Therefore, *Johnson* and *Dimaya* have no effect on Petitioner's conviction.

Briefly addressing Petitioner's second argument, that "his § 924(c) conviction lacked a predicate offense," Gilreath pled guilty to Count II of the Indictment, possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The underlying crime of violence was bank robbery by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a), as alleged in Count I of the Indictment and consistent with the

---

[2] The question of whether the residual clause in § 924(c)(3)(b) is unconstitutionally vague is currently being considered *en banc* by the Fourth Circuit. *United States v. Simms*, No. 15-4640, ECF No. 83 (4th Cir.).

statement of facts stipulated to in the plea agreement. Accordingly, this argument is also without merit, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 32) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner Gilreath's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 32) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:      December 21, 2018

                                    __/s/_____

                                    Richard D. Bennett
                                    United States District Judge